**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| T.R. et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 24-cv-00704-SRB |
| | ) | |
| CLAY-PLATTE FAMILY MEDICINE | ) | |
| CLINIC, P.C., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

Before the Court is (1) Plaintiffs' unopposed motion to direct class notice and for preliminary approval of a proposed class action settlement, requesting that the Court permit issuance of notice of the proposed Settlement to the putative Settlement Class (Doc. #82)[1] and (2) a joint motion to appoint Settlement Administrator and approve Settlement Vendor in connection with the proposed class action Settlement (Doc. #85). The Parties have entered a Settlement Agreement dated April 6, 2026 (Doc. #82-1) (the "Agreement"), which, together with its exhibits, sets forth the terms and conditions of the proposed Settlement of this Action and dismissal of the Action with prejudice.[2] The Court **GRANTS** the motions and further orders as follows:

---

[1] The Settlement Class Representatives are Breanna Highfill, T.R., D.S., T.S., Charles Leap, Rachel Taylor, Travis Taylor, K.H., H.F., David Dempsey, C.C. on behalf of minor child A.C., Joshua Sartin, and Maria Dunn. The Defendants are Clay-Platte Family Medicine Clinic, P.C., Nathan D. Granger d/b/a Summit Family and Sports Medicine, Cobblestone Family Medicine Clinic d/b/a Clay Platte Family Medicine Clinic P.C., and Barry Pointe Family Care, LLC d/b/a Barry Pointe Family Care P.C. (*See* Doc. #82).

[2] All defined terms in this Order have the same meanings ascribed to them in the Agreement.

1.      **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), and personal jurisdiction over the Parties. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

2.      **Giving Notice of the Settlement to the Class is Justified**. Federal Rule of Civil Procedure 23(e) requires court approval of class action settlements. The first stage in the approval process requires the Court to determine whether giving notice of the proposed settlement to the putative settlement class "is justified by the parties' showing that the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B).

a.      **The Court will likely approve the Settlement**.

The Court finds that it will likely approve the Settlement as "fair, reasonable, and adequate" under the relevant factors identified in Federal Rule of Civil Procedure 23(e) and the additional factors considered by courts within the Eighth Circuit. *See* Fed. R. Civ. P. 23(e)(2); *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988). The Settlement creates a $1,000,000.00 non-reversionary Settlement Fund that provides substantial relief to the Settlement Class, including: (a) reimbursement of Documented Losses of up to $15,000 per eligible claimant; (b) Cash Fund Payments on a *pro rata* basis from the Net Settlement Fund, if available; (c) three years of Medical and Credit Monitoring Services through CyEx Medical Shield Total; and (d) business practice commitments relating to Defendants' information security program, separate and apart from the Settlement Fund. This is an excellent result for the Settlement Class in light of the substantial litigation risks, costs, and uncertainties associated with data breach cases. Further, the time and expense required to continue litigating this Action through trial and appeal would be considerable.

The Court further finds that this relief, if finally approved, appears to fall well within the range of possible approval.

In addition, the Court finds that: the Settlement Class Representatives and Class Counsel have provided adequate representation to the Settlement Class; the proposed Settlement is the product of arm's-length negotiations following a full-day mediation before an experienced mediator; and the Settlement treats the Settlement Class Members equitably relative to each other. The Court also finds that the Settlement's provision for an award of attorneys' fees of up to one-third of the Settlement Fund and reimbursement of litigation expenses supports approval of the Settlement because the Settlement is not conditioned on the Court's approval of the fees and expenses. The Court will separately consider the reasonableness of the requested fee and expense award upon further briefing by Class Counsel, on which Settlement Class Members will have the opportunity to express their views. Nothing in the Settlement or this Order shall be construed to preclude Settlement Class Members from addressing, contacting, participating in, or complying with requests or inquiries from any governmental authorities relating to the issues raised in the Settlement.

### b. The Court is likely to certify the Settlement Class.

The Court finds that it will likely be able to certify the following Settlement Class under Rules 23(a), 23(b)(3), and 23(e): The approximately 53,916 individuals residing in the United States who were sent notification by Defendants that their personal information and/or protected health information was potentially compromised as a result of the Data Incident. Excluded from the Settlement Class are: (a) Defendants; (b) any judge or magistrate presiding over the Action and members of their immediate families and judicial staff; and (c) any person who timely and validly requests exclusion. The Court preliminarily finds that the requirements of Rule 23 are satisfied

because: (a) the Settlement Class is sufficiently numerous; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class; (d) the Settlement Class Representatives and proposed Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class; (e) common questions predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

3. **Class Counsel.** Proposed Class Counsel J. Austin Moore of Stueve Siegel Hanson LLP, Maureen M. Brady of McShane & Brady, LLC, and Phyllis A. Norman of Norman & Graves LLC are competent, experienced, and well-qualified to represent the proposed Settlement Class. The Court therefore appoints these attorneys as Interim Class Counsel pursuant to Rule 23(g)(3).

4. **Settlement Administrator**. The Court appoints Angeion Group, LLC as Settlement Administrator, with responsibility for providing notice to the Settlement Class and administering the Settlement, subject to the terms of the Agreement.

5. **Other Settlement Vendors**. The Court approves CyEx as the vendor for the medical and credit monitoring services component of the proposed Settlement, with responsibility for providing the medical and credit monitoring services described in the Settlement Agreement and supporting declarations.

6. **Notice**. The Court approves the form and manner of notice set forth in the Agreement and the supporting declarations, including notice by U.S. mail, email notice where available, the Settlement Website, and a toll-free telephone number. The Court finds that the proposed notice program is the best notice practicable under the circumstances, is reasonably calculated to apprise Settlement Class Members of the pendency of the Action, the terms of the

Settlement, and their rights, and satisfies Rule 23(c)(2)(B), Rule 23(e), and due process.

The Court approves the long-form notice, email notice, postcard notice, and Claim Form attached to the Agreement as Exhibits 1 and 2, substantially in the form submitted. Non-material changes to these documents, including insertion of dates, deadlines, URLs, telephone numbers, and other case-specific information necessary for consistency, may be made without further Order of the Court.

7. **Settlement Website and Toll-Free Number**. The Settlement Administrator shall establish and maintain the Settlement Website and toll-free telephone number as set forth in the Agreement.

8. **Settlement Class List**. Within ten (10) days after entry of this Preliminary Approval Order, Defendants shall provide the Settlement Class List to the Settlement Administrator, in accordance with the Agreement.

9. **Dissemination of Notice**. The Settlement Administrator shall disseminate notice to Settlement Class Members as soon as practicable, and no later than thirty (30) days after receipt of the Settlement Class List, in accordance with the Agreement.

10. **Requests for Exclusion**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must submit a Request for Exclusion in the manner and by the deadline set forth in the Agreement and the Court-approved Notice. Any Settlement Class Member who does not timely and validly request exclusion shall be bound by all proceedings, orders, and judgments in this Action, including the Settlement if finally approved.

11. **Objections**. Any Settlement Class Member who does not request exclusion may object to the Settlement, the requested attorneys' fees and expenses, and/or the requested service awards, in the manner and by the deadline set forth in the Agreement and the Court-approved

5

Notice. Any Settlement Class Member who fails to timely submit a proper objection shall be deemed to have waived the objection.

12.     **CAFA Notice**. Within ten (10) days after the filing of Plaintiffs' Motion for Preliminary Approval, Defendants shall serve, or cause to be served, the notices required by the Class Action Fairness Act, 28 U.S.C. § 1715(b), in accordance with the Agreement.

13.     **Final Approval Hearing**. The Courtroom Deputy will contact the parties to schedule a Final Approval Hearing at the United States District Court for the Western District of Missouri at Kansas City, Missouri, in Courtroom 7B, to determine, among other things: (a) whether the proposed Settlement should be finally approved as fair, reasonable, and adequate; (b) whether the Settlement Class should be finally certified for settlement purposes only; (c) whether the Action should be dismissed with prejudice pursuant to the Agreement; (d) whether Settlement Class Members should be bound by the releases set forth in the Agreement; (e) whether the requested attorneys' fees, litigation costs and expenses should be approved; and (f) whether the requested service awards should be approved.

14.     **Objections and Appearances**. Any Settlement Class Member may appear and explain why the proposed settlement should or should not be approved as fair, reasonable, and adequate, why judgment should or should not be entered, why attorneys' fees and expenses should or should not be awarded, and/or why Settlement Class Representatives' service awards should or should not be awarded. However, no Settlement Class Member or any other person shall be heard or entitled to contest such matters unless he or she has complied with the deadline established by this Order and the requirements for objections set forth in the court-approved Notice. Any Settlement Class Member who does not timely and properly submit an objection shall be deemed to have waived any objection and shall be forever barred from objecting to the fairness,

6

reasonableness, or adequacy of the proposed settlement or to the award of attorneys' fees and expenses or Settlement Class Representatives' service awards, unless otherwise ordered by the Court.

15. **Right to Continue Hearing**. The Court reserves the right to adjourn, continue, or modify the date of the Final Approval Hearing and related deadlines without further mailed notice to the Settlement Class. Any such changes shall be posted on the Settlement Website.

16. **Schedule and Deadlines**. The Court orders the following schedule for the specified actions and further proceedings:

| EVENT | TIMING |
| --- | --- |
| Defendants provide CAFA notice required by 28 U.S.C. § 1715(b) | April 17, 2026 |
| Deadline for Defendants to provide Settlement Class List to Settlement Administrator | 10 days after entry of this Preliminary Approval Order |
| Notice Date | Within 30 days after the Settlement Administrator's receipt of the Settlement Class List |
| Motion for Attorneys' Fees and Expenses and Service Awards | At least 21 days before the Opt-Out and Objection Deadlines |
| Opt-Out / Exclusion Deadline | 50 days after the Notice Date |
| Objection Deadline | 50 days after the Notice Date |
| Claims Deadline | 75 days after the Notice Date |
| Final Approval Brief and Response to Objections Due | At least 14 days prior to the Final Approval Hearing |
| Final Approval Hearing | [On or after July 17, 2026] |

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: June 16, 2026.

8